

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2008

# USA v. Morris

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1781

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Morris" (2008). *2008 Decisions*. Paper 1328.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1328

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1781
_____

UNITED STATES OF AMERICA,

Appellee

v.

RODERICK MORRIS,

Appellant

_____

On Appeal from United States District Court
for the Middle District of Pennsylvania
(D. C. No. 05-cr-00484-1)
District Judge:  Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
April 10, 2008

Before: SMITH, HARDIMAN and ROTH , *Circuit Judges*.

(Filed: April 25, 2008)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Roderick Morris appeals his federal drug-trafficking conviction claiming that the facts underlying his federal conviction are substantially similar to those underlying an offense on which Morris was acquitted in state court. We will affirm.

I.

Because we write exclusively for the parties, who are familiar with the facts and proceedings below, we will not revisit them here. The Supreme Court has squarely held that a federal prosecution is not barred under the Fifth Amendment's Double Jeopardy Clause by a prior state prosecution for the same act. *See Abbate v. United States*, 359 U.S. 187 (1959); *see also Bartkus v. Illinois*, 359 U.S. 121 (1959). Morris does not dispute that *Abbate* and *Bartkus* are fatal to his appeal, but rather argues that the rationale of those precedents was undermined by the Supreme Court's subsequent decision in *Benton v. Maryland*, 395 U.S. 784 (1969), in which the Supreme Court held that the Double Jeopardy Clause applies to the states.

Regardless of the merits of this argument, it is assuredly not our place to overturn Supreme Court precedent. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997); *see also United States v. Extreme Associates, Inc.*, 431 F.3d 150, 155-156 (3d Cir. 2005). And as Morris candidly admits, even the members of this Court who have questioned the continued viability of *Abatte* and *Bartkus* have acknowledged that this is a matter for the Supreme Court. *See United States v. Wilson*, 413 F.3d 382, 394 (3d Cir. 2005) (Aldisert,

J., dissenting) ("The time has come for the Supreme Court to revisit the issue."); *United States v. Grimes*, 641 F.2d 96, 104 (3d Cir. 1981) ("[W]e do not believe we are the proper forum to overturn a legal directive from the Supreme Court.").

For the foregoing reasons, we will affirm the judgment of the District Court.